IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00341-MSK-MEH

DAVID LEE BURKHART,

    Plaintiff,

v.

WARDEN RAE TIMME, in her official and personal capacities,
CASE MANAGER ARTHUR TRAINOR, in his official and personal capacities,
ASSISTANT WARDEN RON WAGER, in his official and personal capacities,
CASE MANAGER III SHELLY ORTIZ, in her official and personal capacities,
CORRECTIONAL OFFICER I MS. SEGURA, in her official and personal capacities,

    Defendants.

## RECOMMENDATION TO DENY MOTION FOR PRELIMINARY INJUNCTION

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Plaintiff's Motion for Preliminary Injunction [filed April 5, 2011; docket #13]. The motion is referred to this Court for recommendation. (Docket #14.) The matter is not briefed; however, additional briefing is unnecessary for the Court's adjudication. For the reasons stated below, the Court **RECOMMENDS** Plaintiff's motion be **DENIED**.[1]

---

[1]Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the

## I. Background

Plaintiff initiated this lawsuit *pro se* by filing a complaint and motion for leave to proceed *in forma pauperis* on February 9, 2011. (*See* dockets ##1, 2.) Plaintiff is a state prisoner incarcerated at the Fremont Correctional Facility in Canon City, Colorado. (Docket #1 at 2.) Plaintiff brings four claims pursuant to Section 1983 of 42 U.S.C., asserting: 1) a violation of the Eighth Amendment prohibition against "excessive" forms of punishment (referring to restricted privileges status and use of isolation cells); 2) a violation of the Fourteenth Amendment by the classification of Plaintiff as on restricted privileges status without an opportunity for a hearing; 3) a violation of the Fifth Amendment prohibition against double jeopardy, arising from being placed in punitive segregation and on restricted privileges status simultaneously; and 4) a violation of the Fourth Amendment, in that Plaintiff's cell was searched and his legal work seized. (Docket #1 at 8-15.)

Plaintiff filed the motion for preliminary injunction presently before the Court on April 5, 2011. (Docket #13.) Plaintiff describes how he "has been placed in restraints approximately four (4) times since this case has been filed." (*Id.* at 1.) Plaintiff asserts he was "scolded" in a hearing, then "placed in wrist restraints," which left "red blotchy markings . . . as well as lacerations." (*Id.* at 2.) Plaintiff states he was then placed in punitive segregation. (*Id.* at 2, 3.) From what the Court can glean from the story told by Plaintiff in his motion, it also appears that Plaintiff believes he was forced to falsely report that an officer did not use force on his wrists, as retaliation for filing the lawsuit at hand. (*See id.* at 4.) Plaintiff speculates that he "will end up sitting in Punitive

---

Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

Segregation for 30 days." (*Id*.)  Plaintiff represents that he "is afraid for his life." (*Id*.)

Plaintiff asks the Court to move him from Fremont Correctional Facility to Camp George West in Golden, Colorado, "as to keep the retaliation down to a minimum." (*Id*.) In the alternative, Plaintiff requests to be paroled, "as he is beyond his Parole Elligibility [sic] date." (*Id*.)

Defendants were served on April 7, 2011 (docket #15), thus no response to Plaintiff's motion has been filed.

## II.     Legal Standard

A preliminary injunction is an extraordinary remedy that should be granted only when the moving party clearly and unequivocally demonstrates its necessity. *See Schrier v. Univ. of Colo.,* 427 F.3d 1253, 1258 (10th Cir. 2005). In the Tenth Circuit, a party requesting a preliminary injunction must clearly establish that: (1) the party will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits. *Id.* The burden is on the movant to establish his right to the relief requested. *Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975).

Moreover, "[b]ecause the limited purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held, the Tenth Circuit has identified the following three types of specifically disfavored preliminary injunctions ... (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits." *Schrier,* 427 F.3d at 1258-59 (citations omitted). These disfavored injunctions are "more closely scrutinized to assure that the exigencies of the case support the

granting of a remedy that is extraordinary even in the normal course." *Id.* at 1259.

### III. Analysis

Plaintiff seeks a preliminary injunction that would transfer him from the Fremont Correctional Facility to a different place of incarceration, the Camp George West Correctional Center in Golden, Colorado. In the alternative, Plaintiff asks the Court to order that he be paroled. Both of these requests for relief alter the status quo and require Defendants to act, assuming these named Defendants would have any authority to change Plaintiff's location or transfer him to paroled status. Therefore, the injunctive relief Plaintiff seeks "constitutes a specifically disfavored injunction" that must be more closely scrutinized. *Schrier*, 427 F.3d at 1261. Plaintiff's motion must be denied, unless "the right to relief [is] clear and unequivocal." *Id.* at 1258.

"The federal courts do not sit to supervise state prisons, the administration of which is acute interest to the States." *Meachum v. Fano*, 247 U.S. 215, 229 (1976). It is well established that prison officials retain great discretion in the handling of prison affairs, for the purpose of managing prisons safely and effectively. *E.g., Meachum*, 247 U.S. at 229. This discretion includes the placement of prisoners and arguably whether to parole a prisoner.[2]  *See id.*

"Courts should grant injunctive relief involving the management of prisons only under exceptional and compelling circumstances." *Escobar v. Mora*, No. 06-cv-01222-CMA-KLM, 2011 WL 588710, at *2 (D. Colo. Jan. 7, 2011) (citations omitted). The Tenth Circuit has previously explained its abhorrence of "any situation or circumstance requiring the intervention of the federal courts in matters involving the administration, control and maintenance by the sovereign states of

---

[2] Importantly, an action challenging eligibility for parole is considered an action challenging the execution of a sentence and would thus be appropriately brought pursuant to Section 2241, not Section 1983. *E.g., Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

their penal systems." *Battle v. Anderson*, 564 F.2d 388, 392 (10th Cir. 1977). "Sweeping intervention in the management of state prisons is rarely appropriate when exercising the equitable powers of the federal courts." *Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994). "[This] is especially true where mandatory injunctive relief is sought and only preliminary findings as to the plaintiffs' likelihood of success on the merits have been made." *Id.*

Here, the Court finds that Plaintiff does not meet the extraordinary burden required for the type of injunctive relief he requests. It is well established that "[b]ecause a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.,* 356 F.3d 1256, 1260 (10th Cir. 2004) (citations omitted). "To constitute irreparable harm, an injury must be certain, great, actual 'and not theoretical.'" *Heideman v. S. Salt Lake City,* 348 F.3d 1182, 1189 (10th Cir. 2003) (quoting *Wisconsin Gas Co. v. FERC,* 758 F.2d 669, 674 (D.C. Cir. 1985)). Irreparable harm is more than "merely serious or substantial" harm. *Id.* (citation omitted). The party seeking the preliminary injunction "must show that 'the injury complained of is of such *imminence* that there is a clear and present need for equitable relief' to prevent irreparable harm." *Id.* (emphasis in original) (citation omitted).

Plaintiff makes no showing of irreparable harm. The Court cannot construe from Plaintiff's filing whether the harm he alleges is the likelihood of placement in punitive segregation, the likelihood that such placement could occur without a hearing, or the likelihood that he may be again handcuffed to the extent of pain or injury. Even if Plaintiff claims all of these potential events constitute irreparable harm, the Court disagrees. Placement in punitive segregation with or without

a hearing could be undone, given the ultimate conclusion of this matter (Plaintiff raises punitive segregation in his first claim for relief). Plaintiff's asserted fear for his life appears to the Court to be simply conclusory, as Plaintiff does not identify who is making a threat or what constitutes the threat to his life. Such speculation does not meet the imminence required for a showing of irreparable harm.

Regarding the alleged injury to Plaintiff's wrists, the Court believes this claim has a low likelihood of success on the merits, as it appears to be a *de minimus* use of force. "An action by a prison guard may be malevolent yet not amount to cruel and unusual punishment." *Marshall v. Milyard*, No. 10-1104, 2011 WL 285563, at *2 (10th Cir. 2011) (citing *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)) (an allegation of a prison official grabbing and digging his fingernails into a prisoner's arm, resulting in an injury, did not violate the Eighth Amendment). *See also, e.g.*, *De Walt v. Carter*, 224 F.3d 607, 610-11 (7th Cir. 2000) (prisoner suffered bruising on his back after a prison officer shoved him into a doorframe after the prisoner called the official "unprofessional;" court concluded act was de minimus); *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) ("bumping, grabbing, elbowing, and pushing a prisoner" was not sufficiently serious or harmful); *Lunsford v. Bennet*, 17 F.3d 1574, 1578, 1582 (7th Cir. 1994) ("hitting prisoner in the head with a bucket, causing daily headaches, was minor use of force insufficient to establish constitutional violation"); *Black Spotted Horse v. Else,* 767 F.2d 516, 517 (8th Cir. 1985) ("pushing cubicle-cell wall onto prisoner's leg, causing bruises, was insufficient use of force to state a constitutional violation"); *Olson v. Coleman,* 804 F. Supp. 148, 149-50 (D. Kan. 1992) ("single blow to prisoner's head while escorting him into prison, causing contusion, was de minimus use of force not repugnant to conscience of mankind").

Regarding Plaintiff's allegations of improper retaliation against him by prison staff for filing the lawsuit at hand, "[t]he existence of an improper motive for disciplining a prisoner which results in interference with a constitutional right" may give rise to a cause of action under Section 1983. *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990). "It is well-settled that '[p]rison officials may not retaliate against or harass an inmate because of the inmate's exercise of his right of access to the courts." *Gee v. Pacheco*, 627 F.3d 1178, 1189 (10th Cir. 2010) (citing *Smith*, 899 F.2d at 947). Here, although Plaintiff describes his belief that the threat of and actual placement in punitive segregation, as well as the allegedly excessive use of handcuffs, are retaliatory acts by Defendants arising from his filing of this lawsuit, "it is not true that every response to a prisoner's exercise of a constitutional right gives rise to a retaliation claim." *Dawes v. Walker*, 239 F.3d 489, 492-93 (2d Cir. 2001), overruled on other grounds by *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506 (2002). Plaintiff's contention of retaliation does not change the Court's conclusion that he fails to make an adequate showing of irreparable harm or a substantial likelihood of success on the merits.

Consideration of the remaining factors prompts no different result. In sum, the relief sought by Plaintiff (transfer or parole) changes the status quo and constitutes "mandatory" injunctive relief, which is an extraordinary intrusion into prison administration and management. As Plaintiff's presented reasoning does not articulate the requisite showing of irreparable harm or substantial likelihood of success on the merits, Plaintiff fails to establish that his right to relief is clear and unequivocal. Therefore, the Court determines that Plaintiff's motion must be denied.

**IV.   Conclusion**

Accordingly, the Court **RECOMMENDS** Plaintiff's Motion for Preliminary Injunction [filed April 5, 2011; docket #13] be **DENIED**.

Respectfully submitted this 12th day of April, 2011, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge