IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00341-MSK-MEH

DAVID LEE BURKHART,

    Plaintiff,

v.

WARDEN RAE TIMME, in her official and personal capacities,
CASE MANAGER ARTHUR TRAINOR, in his official and personal capacities,
ASSISTANT WARDEN RON WAGER, in his official and personal capacities,
CASE MANAGER III SHELLY ORTIZ, in her official and personal capacities,
CORRECTIONAL OFFICER I MS. SEGURA, in her official and personal capacities,

    Defendants.

## ORDER GRANTING STAY OF DISCOVERY

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court are Defendants' Motion to Stay Discovery and Disclosures Pending Determination of Whether Defendants are Protected by Qualified Immunity [filed June 23, 2011; docket #34] and Plaintiff's "Motion to Compel Discovery Items" [filed June 24, 2011; docket #37]. The motions are referred to this Court for disposition. (Dockets ##35, 38.) Oral argument would not materially assist the Court in its adjudication. The Court decides the motion to stay without reviewing a response from Plaintiff, who is incarcerated (thus no conferral was necessary). For the reasons set forth below, the Court **GRANTS** the motion to stay discovery and **DENIES AS MOOT** Plaintiff's motion to compel.

**I.      Background**

Plaintiff initiated this action on February 9, 2011, pursuant to 42 U.S.C. § 1983. (Docket #1.) Defendants responded to Plaintiff's complaint with a motion to dismiss, asserting an entitlement to qualified immunity. (Docket #27 at 6-9.) In the motion at hand, Defendants request that discovery be stayed pending resolution of the qualified immunity defense raised in their motion to dismiss.

**II.     Discussion**

The Supreme Court established that evaluating the defense of qualified immunity is a threshold issue, and "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." *Siegert v. Gilley*, 500 U.S. 226, 233 (1991) (citing *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)); *Workman v. Jordan,* 958 F.2d 332, 336 (10th Cir. 1992) (same). However, the defense of qualified immunity "is not a bar to all discovery." *Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004). There are certain circumstances when discovery is permissible despite an assertion of qualified immunity, including cases alleging official-capacity claims, requests for injunctive (as opposed to monetary) relief, and claims against entities, not individuals. *See Rome*, 225 F.R.D. at 643. Additionally, permitting discovery up until the point that qualified immunity is raised may be appropriate, particularly when the defense is not advanced until the filing of a motion for summary judgment. *Id*. at 643-44.

Defendants raise qualified immunity and Eleventh Amendment sovereign immunity as defenses in their pending motion to dismiss, which requests that Plaintiff's complaint be dismissed in its entirety. Plaintiff sues the four defendants in their individual and official capacities; Plaintiff does not sue the state or a state entity. Plaintiff seeks money damages, in addition to injunctive

relief in the form of release of all offenders currently on Restricted Privileges status. (Docket #1 at 14-15.) The Court held a Scheduling Conference on June 15, 2011, and the case is still in the early stages of litigation. Defendants' pending motion to dismiss could fully dispose of Plaintiff's claims before engaging the discovery process.

The Court has broad discretion to stay proceedings as incidental to its power to control its own docket. *See Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). Legal questions regarding the court's subject matter jurisdiction should be resolved as early as possible in the litigation, before incurring the burdens of discovery. *See Behrens v. Pelletier,* 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending); *Moore v. Busby*, 92 F. App'x 699, 702 (10th Cir. 2004) (affirming trial court's stay of discovery pending resolution of absolute immunity question)*; Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995) ("the Supreme Court has repeatedly 'stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" (citation omitted)).

Here, although Plaintiff sues Defendants in their individual and official capacities, the Court notes that Plaintiff failed to identify as a defendant the state or a state entity. As Section 1983 does not provide a waiver of sovereign immunity for claims against individual defendants in their official capacities, the Court believes that this consideration does not weigh against the entry of a stay. *See Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in the official capacities are "persons" under §1983."); *Wood v. Milyard*, 414 F. App'x 103, 105 (10th Cir. 2011) (unpublished) (court lacked subject matter jurisdiction over official-capacity claims against individual state defendants in a Section 1983 lawsuit). The same

reasoning applies to the injunctive relief requested by Plaintiff, *i.e.*, the release of all offenders classified as under Restricted Privilege status. As the jurisdictional basis for this request is questionable (for example, standing), the Court believes that this issue also does not weigh against the entry of a stay. Considering Plaintiff's lawsuit without the official capacity claims and requested injunctive relief, the Court finds that the circumstances evaluated in *Rome* are inapplicable to the case at hand. In light of the governing case law prescribing a stay of discovery in response to an assertion of qualified immunity, the Court concludes that a stay of discovery as to all Defendants is appropriate in this matter, pending resolution of the motion to dismiss.

### III.   Conclusion

Accordingly, for the reasons stated above, Defendants' Motion to Stay Discovery and Disclosures Pending Determination of Whether Defendants are Protected by Qualified Immunity [filed June 23, 2011; docket #34] is **GRANTED**. Discovery is hereby stayed pending resolution of the motion to dismiss. The parties shall file a status report within *five business days* of receiving a ruling on the motion to dismiss, indicating what scheduling, if any, is needed.

Plaintiff's "Motion to Compel Discovery Items" [filed June 24, 2011; docket #37] is **DENIED AS MOOT**.

Entered and dated at Denver, Colorado, this 29th day of June, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge