IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-00341-MSK-MEH

DAVID LEE BURKHART,

      Plaintiff,

v.

WARDEN RAE TIMME, in her official and personal capacities,
CASE MANAGER ARTHUR TRAINOR, in his official and personal capacities,
ASSISTANT WARDEN RON WAGER, in his official and personal capacities,
CASE MANAGER III SHELLY ORTIZ, in her official and personal capacities,
CORRECTIONAL OFFICER I MS. SEGURA, in her official and personal capacities,

      Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on January 24, 2012.**

      Before the Court are Plaintiff's Request for Admission of Documents [filed January 19, 2012; docket #75] and Request for Admission of Documents #2 [filed January 19, 2012; docket #76]. Both motions are **denied** as premature. Evidence supporting one's position may be submitted at such time as a dispositive motion is pending, or at trial.

      In addition, Plaintiff has not complied with Fed. R. Civ. P. 5(a)(1)(D) and D.C. Colo. LCivR 5.1G. Rule 5(a)(1)(D) requires that a written motion filed with the Court must be served on every party. Local Rule 5.1G requires, in pertinent part, that "[e]ach paper, other than one filed ex parte, shall be accompanied by a certificate of service indicating the date it was served, the name and address of the person to whom it was sent, and the manner of service." Plaintiff's first request for admission of documents [docket #75] contains no certificate of service, while Plaintiff's second request [docket #76] contains a certificate of service indicating that the motion was mailed to the Clerk of the Court. Plaintiff is obligated to provide service to all *parties*; simply mailing a document to the Court does not meet this requirement.