IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00341-MSK-MEH

DAVID LEE BURKHART,

    Plaintiff,

v.

WARDEN RAE TIMME, in her official and personal capacities,
CASE MANAGER ARTHUR TRAINOR, in his official and personal capacities,
ASSISTANT WARDEN RON WAGER, in his official and personal capacities,
CASE MANAGER III SHELLY ORTIZ, in her official and personal capacities,
CORRECTIONAL OFFICER I MS. SEGURA, in her official and personal capacities,

    Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on March 8, 2012.**

    Plaintiff's Request for Sanctions with Affidavit of Support [filed March 5, 2012; docket #86] is **denied**. Pursuant to Fed. R. Civ. P. 45(a)(3), a subpoena must be issued by the clerk of the court to a party who requests it. In this case, Plaintiff filed a "Subpoena Dueces (sic) Tecum" [docket #81], but made no formal request for the Clerk of the Court to issue a subpoena. Nevertheless, Defendants responded to the "subpoena" by producing the requested documents on March 1, 2012. (See Docket 88, 6.) In addition, Plaintiff filed a "Notice Of Taking Of A Written Deposition From Defendant Shelly Ortiz And Subpoena To Appear" [Docket #83] and a "Notice Of Taking Of Written Deposition From Defendant Rae Timme And Subpoena To Appear" [docket #84]. Pursuant to Fed. R. Civ. P. 31(a)(3), "[a] party who wants to depose a person by written questions must serve them on every other party. . ." Plaintiff's Notices represent that he will "take written depositions" from Defendants Ortiz and Timme; however, the Notices contain no written questions. If Plaintiff seeks to take oral depositions of Defendants as authorized by Fed. R. Civ. P. 30, he must provide notice of the oral depositions accordingly. *See* Fed. R. Civ. P. 30(b)(1). Such notice shall include, among other information, notice of the method for recording. Fed. R. Civ. P. 30(b)(3)(A). Plaintiff is also reminded that Fed. R. Civ. P. 30 requires all oral depositions to be conducted before an officer appointed or designated under Fed. R. Civ. P. 28. *See* Fed. R. Civ. P. 30(b)(5)(A). In this case, the Notices served on Defendants failed to provide clear notice of the kind of depositions Plaintiff sought to take. In addition, the "subpoena" Plaintiff filed was not proper because it was not issued by the Clerk of the Court. Absent a valid subpoena or notice of deposition, there is no basis for the sanctions Plaintiff requests.