IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-00341-MSK-MEH

DAVID LEE BURKHART,

      Plaintiff,

v.

WARDEN RAE TIMME, in her official and personal capacities,
CASE MANAGER ARTHUR TRAINOR, in his official and personal capacities,
ASSISTANT WARDEN RON WAGER, in his official and personal capacities,
CASE MANAGER III SHELLY ORTIZ, in her official and personal capacities,
CORRECTIONAL OFFICER I MS. SEGURA, in her official and personal capacities,

      Defendants.

---

## MINUTE ORDER

---

**Entered by Michael E. Hegarty, United States Magistrate Judge, on June 14, 2012.**

Pending before the Court is Plaintiff's Motion Requesting [a]n Order [o]f Compliance [filed June 8, 2012; docket #101].  Plaintiff asserts that the law library assistant at Fremont Correctional Facility refused to make copies of Exhibit A to Plaintiff's Reply in Support of Objection to Summary Judgment.  The Photocopy Request Form attached to Plaintiff's motion indicates that Plaintiff's request was denied as a matter of policy because "the legal access program will not copy transcripts."  The Court's review of Exhibit A to Plaintiff's Reply in Support of Objection to Summary Judgment confirms that the document Plaintiff attempted to copy was an excerpt of his deposition transcript.  (*See* docket #100 at 7.)  Plaintiff suggests that his inability to make these copies "could possibly be denial of the Plaintiff's First Amendment Right to the access of court." (Docket #101 at 2-3.)  As relief, Plaintiff asks the Court to order the Fremont Correctional Facility to "allow the Plaintiff to copy any necessary document that he cites as exhibits or attachments that reflect this Action directly."  (*Id*. at 3.)

As a general matter, Courts are "extremely deferential" to decisions made by prison officials, including decisions regarding the copying and storage of deposition transcripts.  *See Jordan v. Wiley*,  07-cv-00498-MSK-KLM, 2009 WL 2982851, at *17 (Sept. 16, 2009) (quoting *Farmer v. Perrill*, 288 F.3d 1254, 1261 (10th Cir. 2002)).  In *Jordan*, Judge Krieger declined to issue an order requiring prison officials to return a Plaintiff's deposition transcript, in part, because the requested relief would "significantly undermine the discretion and authority of prison officials."  *Id*.  Judge Krieger also found that the plaintiff was not entitled to injunctive relief based on the confiscation of his legal materials because he had not established a sufficient nexus between the  relief sought and the claims alleged in the complaint.  *Id.* at *16.

In this case, like *Jordan*, Plaintiff's request for an order allowing him to make photocopies lacks a sufficient nexus to Plaintiff's underlying cause of action. Plaintiff suggests that his inability to make copies may constitute denial of access under the First Amendment.   While Plaintiff's complaint alleges violations of the Fourth, Fifth, and Eighth Amendments, it does not contain any First Amendment claim.  (Docket #1.)  As Judge Krieger found in *Jordan*, "Plaintiff's challenge involves a separate and distinct cause of action," and as such, "Plaintiff must bring a new case and not piggyback his new allegations onto this case." 2009 WL 2982851, at *16.

In summary, the order Plaintiff requests would improperly undermine the discretion and authority of prison officials to regulate inmate photocopying.  Moreover, Plaintiff's request for relief constitutes an entirely separate cause of action not plead in this case.  For these reasons, Plaintiff's motion is **denied**.